IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ARTHUR WEBSTER**                                                                       **PLAINTIFF**

**VS.**                                                                       **CIVIL ACTION NO. 3:19-CV-97-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the motion (Doc. 26) of the plaintiff, Arthur Webster, to alter or amend the court's judgment affirming the Commissioner's decision denying the plaintiff disability benefits. After due consideration, the court denies Webster's motion.

### *Facts and Procedural History*

On March 19, 2018, Webster filed his application for disability insurance benefits alleging disability beginning March 20, 2016. After the application was denied at the lower levels, a hearing was held before an administrative law judge ("ALJ") on January 18, 2019. The ALJ found that Webster had a long list of severe impairments: tendonitis of the knees, patellar tendon calcification, lumbago, arthritis, arthralgia, plantar fascial fibromatosis, depression not otherwise specified, and posttraumatic stress disorder. Webster served in Iran where his duty exposed him to long term, severe danger. Among other horrors, he witnessed a good friend's gruesome death when an IED exploded during a patrol. The Veteran's Administration ("VA") concluded Webster was 100% disabled by his posttraumatic stress disorder from his combat experience and his

1

physical impairments. His posttraumatic stress disorder was severe enough to necessitate an extended inpatient hospitalization.

The ALJ found that Webster could perform light work but could only occasionally climb or balance. He could only perform routine, repetitive tasks and was limited to no more than occasional public contact. Following briefing and oral argument, this court entered judgment affirming the Commissioner's decision. On March 30, 2020, Webster filed a timely motion to alter or amend the court's judgment.

### *Law and Standard of Review*

A motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) constitutes a request for "extraordinary" relief. *Kennedy v. Jefferson Cty. Hosp.*, 2016 LEXIS 151875, 2016 WL 6495595, at *1 (S.D. Miss. Nov. 2, 2016) (citing *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007)). "Such relief is appropriate only in three circumstances: '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Id.* (citation omitted). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 775 (5th Cir. 2017).

### *Analysis*

In moving to alter or amend the court's judgment, Webster argues two points. He first reiterates his previous argument that the ALJ's hypothetical questions to the vocational expert ("VE") were erroneous. The court notes that the hypothetical questions to the VE are consistent with and incorporated "the disabilities recognized by the ALJ." *Bowling v. Shalala,* 36 F.3d 431, 435 (5th Cir. 1994). The plaintiff's actual complaint is that the ALJ, though finding the report of a

DDS physician persuasive, did not incorporate all the limitations listed in her report into the claimant's residual functional capacity ("RFC"). Specifically, the ALJ never posed a hypothetical to the VE that provided the plaintiff could respond to "non-confrontational supervision" and "minimal interaction with others." But the ALJ also did not incorporate these limitations into the RFC.

The plaintiff has cited no authority that would require the ALJ to accept and include all disabilities in the doctor's report even if he found the report, as a whole, to be persuasive. Furthermore, the report states that the plaintiff retained the mental capacity to perform unskilled work within his physical capacity. Because the hypothetical included all disabilities recognized by the ALJ, there was no error in the hypothetical questions to the VE. *Id.* It is the ALJ's job to resolve disputes in the evidence and to assess the RFC, and that determination is due substantial deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (Per curiam).

The second argument raised by the plaintiff is a new issue, not raised before entry of judgment. In his brief, the plaintiff argued the ALJ *committed prejudicial error in his assessment of the Plaintiff's VA rating.* As previously noted, the VA found the plaintiff 100% disabled. The ALJ did not provide any analysis or reasoning for its decision on the VA rating, noting only that the Social Security Administration was not bound by the administrative decisions and conclusions of other agencies.

In the Rule 59(e) motion, the plaintiff argues that the ALJ erred in "not properly considering the *underlying and supporting evidence* which supports the VA's disability rating, but the argument is untimely offered.

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.* Moreover, they cannot be used to argue a

3

    case under a new legal theory. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986) (Emphasis added).

The plaintiff's brief in support of the Rule 59(e) motions candidly admits it raises a new issue, conceding that new regulations provide that the Social Security Administration "will not provide any analysis in our determination or decision about a decision made by any other governmental agency." 20 C.F.R § 1504.

    Alternatively, addressing this issue on the merits, the plaintiff has failed to make any specific argument about how the ALJ's analysis of the VA records was erroneous. The court's review finds no error in the analysis of the underlying medical evidence. Not only did the ALJ acknowledge his obligation to review the VA medical records,[1] but the decision discussed and analyzed the VA medical evidence in detail.

    The court notes this is a case in which the court was constrained to affirm the denial, though there is substantial and compelling evidence favorable to the plaintiff. However, the court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475.

---

[1] "The VA has determined that the claimant is 100% disabled based on his combat experiences and other impairments. The Social Security Administration *must consider all of the medical evidence,* but is not bound by the administrative decisions and conclusions from other agencies under other rules and regulations." Doc. 7, p.22.

Accordingly, because there is substantial evidence to support the decision and because Webster has failed to establish that the court's affirmation of the ALJ's denial of Social Security disability benefits was a clear error, the Motion to Alter or Amend Judgment is **DENIED**.

**SO ORDERED**, this the 17th day of August, 2020.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**